Cooke, J. (dissenting).
I dissent and vote to reverse.
The majority has stated that "it is difficult to conclude from the present record or the submissions that the instant grading was ineffective.” To the contrary, I respectfully submit that said grading was ineffective.
In light of the repeal of subdivision 2 of section 3102 of the Education Law, which had vested power to fix salaries in the Board of Education, and, in the absence of a showing of any substitute legislation, I find no authority for the proposition that the Board of Education continued to maintain such power. I cannot draw the inference, as does the Board of Education, that the salary-fixing power still exists but now stems from other, previously existing, provisions of the Education Law. Subdivision 2 of section 2554 of the Education Law, for example, gives the board the power to create, abolish, maintain and consolidate such positions as in its judgment may be necessary for the proper and efficient administration of its work. This cannot be read to include the power to fix salaries or, more importantly, create civil service grades. "A court cannot by implication supply in a statute a provision which is reasonable to suppose the Legislature intended intentionally to omit; and the failure of the Legislature to include a matter within the scope of an act may be construed as an indication that its exclusion was intended.” (McKinney’s Cons. Laws of NY, Book 1, Statutes, § 74.)
On the other hand, subdivision 2 of section 17 of the Civil Service Law states that "[ejxcept as otherwise provided by special law enacted by the legislature, the civil service commission or personnel officer of a city * * * shall administer the provisions of this chapter with respect to the offices and employments in the classified service of such * * * city, including the city school districts of such city.” Subdivision 1 of rule 7 of the Rules of the Buffalo Municipal Civil Service Commission defines "Class” to mean "one or more positions sufficiently similar with respect to duties and responsibilities to be designated by a single descriptive title and treated as a unit for the purpose of recruiting, establishing salary ranges and administering other personnel functions.” Subdivision 2 of rule 7 states that "[t]he Civil Service Commission shall prepare and maintain a list of class titles and class specifications for all positions in the classified service of the city, and shall *786 assign all such positions to an appropriate class.” Further, subdivision 4 of rule 7, captioned "Classification of New Positions”, in pertinent part provides that "[a]fter an analysis of the position description, the Commission shall allocate the position to an appropriate class, or if no class exists, shall create a new class”.
Here the classification, grading and setting of salary was accomplished by a resolution of the Board of Education. As it appears that the power to take such action rests in the Civil Service Commission and not in the board, the order should be reversed.
Chief Judge Breitel and Judges Jasen, Jones, Wachtler and Fuchsberg concur in memorandum; Judge Cooke dissents and votes to reverse in a separate opinion in which Judge Gabrielli concurs.
Order affirmed.